**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2012

No. 11-40770
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRED FLORES GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-48-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fred Flores Gutierrez appeals his 168-month sentence for conspiracy to possess with intent to distribute and to distribute cocaine. He asserts that the district court erred by imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on a finding that it was reasonably foreseeable that his co-conspirators would carry firearms. According to Gutierrez, it was not reasonably foreseeable because he had an understanding with the supplier of the cocaine that guns would not be involved. We review for clear error the factual finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40770

that the possession of firearms by co-conspirators was reasonably foreseeable. *United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006).

We have held repeatedly that firearms are tools of the drug trafficking trade. *See Hernandez*, 457 F.3d at 423; *United States v. Dixon*, 132 F.3d 192, 202 (5th Cir. 1997); *United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993). As is amply evident in the record, this is not a case of petty drug transactions by minor dealers. There is evidence that Gutierrez trafficked between 15 and 40 kilograms of cocaine in transactions involving two of the co-conspirators who were arrested with firearms in his apartment. There is evidence that the cocaine was valued at $24,000 a kilogram. The record shows that his co-conspirators' role was to provide security for the cocaine and proceeds on behalf of the supplier.

In light of this evidence, it is at least plausible that the possession of weapons by Gutierrez's co-conspirators remained reasonably foreseeable to him despite any agreement he may have had that guns would not be involved. *See United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007); *Hernandez*, 457 F.3d at 423; *Dixon*, 132 F.3d at 202; *Mergerson*, 4 F.3d at 350. We are not "left with the definite and firm conviction that a mistake has been committed," and we find no clear error in the imposition of the enhancement. *Trujillo*, 502 F.3d at 356 (internal quotation marks and citation omitted).

AFFIRMED.